IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISMAEL TAMPICO VERDIN,

      Plaintiff,

v.                                                                     CV 05-1090 JB/CEG

COUNTY OF DONA ANA, et. al,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on the unopposed Motion for Court Approval of Settlement, which was referred to me by the presiding judge. Three hearings were held on the motion. *See Docs. 25, 32, 37.* Because Plaintiff is not mentally incompetent and has not given his attorney authority to settle his case, I recommend that the motion be denied.

On October 14, 2005, Plaintiff filed this lawsuit, which alleges that he was assaulted by detention officers while incarcerated at the Dona Ana County Detention Center. *See Doc. 1.* In May of 2006, Plaintiff filed a Motion to Appoint Guardian Ad Litem. *See Doc. 16.* In relevant part, the motion states, "Plaintiff is presently in a mental state where his counsel of record believes that a Guardian Ad Litem would be appropriate in order to make an informed decision on settlement values and offers of settlement . . . ." *Doc. 16.* On June 6, 2006, the Court appointed Attorney Manuel Lopez as the guardian ad litem. *See Doc. 17.* On April 30, 2007, Plaintiff filed a Motion for Court Approval of Settlement, asserting that: (i) Plaintiff is an adult, but is mentally incompetent "upon information and belief," (ii) the guardian ad litem approves of the proposed settlement, and (iii) the guardian ad litem believes the proposed settlement

agreement is in the best interests of Plaintiff.  *Doc. 21*.

On June 8, 2007, the first hearing was held on the Motion for Court Approval of Settlement.  *See Doc. 25*.  The Court heard testimony from the guardian ad litem regarding his determination that the proposed settlement was in the best interests of Plaintiff.[1]  The Court also heard from Plaintiff, who vehemently expressed dissatisfaction with his attorney, the guardian ad litem, and the proposed amount of settlement.  Because the guardian ad litem was unable to assess Plaintiff's current medical condition, his expected release date, or any details regarding a conservatorship or trust, the Court continued the hearing until July 3, 2007.  *Id*.

At the July 3, 2007 hearing, the Court first advised the parties of its conclusion that, based on a thorough review of the evidence in the record, Plaintiff was not mentally incompetent.  *See Doc. 32*.  The Court then heard testimony from Plaintiff, who again expressed dissatisfaction with his attorney, the guardian ad litem, the proposed settlement amount, and his inability to obtain new counsel.  In response to this testimony, the Court gave Plaintiff thirty (30) days to obtain new counsel.  Plaintiff was also advised by the Court as to the possibility of deportation before settlement approval, and the consequences this could have on the resolution of his claims.  *Id*.

At the September 17, 2007 hearing, Plaintiff informed the Court that he had not obtained new counsel and did not wish to accept the proposed settlement.  *See Doc. 37*.

After three hearings and a complete review of the record, I conclude that Plaintiff is not mentally incompetent.  In addition, having consistently heard Plaintiff express disgust with the proposed settlement amount, I also find that Plaintiff has not given his attorney authority to

---

[1] In anticipation of the first hearing, the guardian ad litem submitted a report to the Court.  *See Doc. 27*.

accept the proposed settlement.

IT IS THEREFORE RECOMMENDED THAT the Motion for Court Approval of Settlement (Doc. 21) be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE